IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TRANSPORT MUTUAL INSURANCE ASSOCIATION / TT CLUB MUTUAL INSURANCE, a/s/o PS HOLDCO, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>NZUH TRANSPORTATION, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 24-00428-KD-M<br>)<br>)<br>)<br>)<br>) |

**ORDER**

This action is before the Court on the Motion for Default Judgment filed by Plaintiff Transport Mutual Insurance Association /TT Club Mutual Insurance, a/s/o PS Holdco, LLC ("Plaintiff"). (Doc. 6). Upon consideration, and for the reasons below, the motion is **DENIED**.

    **I.**    **Background**

Plaintiff alleges that on or about June 10, 2022, Defendant Nzuh Transportation, LLC's ("Defendant") truck was involved in an accident in Virginia while transporting Plaintiff's brokered load of 38,000 lbs. of metal stamping ("the cargo"). (Doc. 1 at 2). Plaintiff states that it "brokered a deal for [the cargo] to be transported [by Defendant] from Waterbury, CT, to LaGrange, GA." (Id.).

Plaintiff contends that extensive damage resulted to the cargo. (Id.). Specifically, Plaintiff alleges that the cargo's fair market value was $92,689.92 before the accident and $3,529.69 after the accident. (Id.). Plaintiff states that it filed a direct claim within nine months to recover $89,160.23 from Defendant, but Defendant denied the claim, which "contractually granted Plaintiff . . . two years from the date of that denial to file suit." (Id. at 2–3). On November 20, 2024, Plaintiff filed its complaint alleging that Defendant violated the Carmack Amendment. (Doc. 1).

On February 25, 2025, Plaintiff filed a motion for default judgment against Defendant pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. (Doc. 6). In support, Plaintiff states that Defendant was served and failed to file a response within the required time. (Id. at 1).

**II.      Law**

"Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."[1] 10A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2682 (4th ed. 2024). Therefore, "[t]here are two steps in the default process: (1) getting the clerk to make an entry of default; and then (2) obtaining judgment on the default." 2 Steven S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary Rule 55 (2024).

The core of default under Rule 55 is the failure to timely file a required responsive pleading. Id. However, the Eleventh Circuit has a "strong policy of determining cases on their merits." Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1244–45 (11th Cir. 2015). Thus, "default judgments are generally disfavored." Id. at 1245. Still, the default mechanism is necessary "so that 'the adversary process [will not be] halted because of an essentially unresponsive party.'" Perez v. Wells Fargo N.A., 774 F.3d 1329, 1337 (11th Cir. 2014) (alteration in original) (quoting H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 432 F.2d 689, 691 (D.C. Cir. 1970) (per curiam)). Therefore, a default judgment is "warranted when there is 'a sufficient basis in the pleadings for the judgment entered.'" Surtain, 789 F.3d at 1245 (quoting Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir.1975)). And to ensure the validity of a default judgment, the court must determine its jurisdiction both over the subject matter and the parties. See Oldfield v. Pueblo De Bahia Lora, S.A., 558 F.3d 1210, 1217 (11th Cir. 2009).

**III.     Analysis**

As previously stated, "[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)." Wright Miller, supra.

---

[1] "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

Plaintiff moved for a default judgment under Rule 55(b)(2) before an entry of default was granted. Thus, Plaintiff skipped the first step in the default process. Therefore, his motion is denied.

Additionally, Plaintiff's motion for default judgment failed to set forth the legal and factual basis necessary for a default judgment including the validity of service[2] and this Court's personal jurisdiction over Defendant. Because the Court noticed other deficiencies in the motion for a default judgment, Plaintiff is advised that "supporting briefs are required where necessary to set forth the legal and factual basis for the relief sought" and that a "supporting brief may be included within the body of the motion." S.D. Ala. CivLR 7(b).

**DONE** and **ORDERED** this 13th day of March 2025.

<u>s / Kristi K. DuBose</u>
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[2] Plaintiff filed a Proof of Service (doc. 5). The process server indicated that Nzuh Transportation was served by certified mail return requested, in care of Mohammed Ahmed, and that the summons was delivered November 25, 2024 (Id.). The postal service tracking result states: "Your item was delivered to an individual at the address … in Garland, TX…" (Id.).  Plaintiff did not provide any evidence as to the identity of the "individual" and whether that person was designated by law, agency, or otherwise to accept service by certified mail on behalf of Nzuh in compliance with either Texas or Alabama law. See Fed. R. Civ. P. 4(h)(1)(A) and Fed. R. Civ. P. 4(e)(1).